IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM F. KOON, | |
| Plaintiff, | 8:24CV481 |
| vs. | |
| RICOH USA, INC. | ORDER |
| Defendant. | |

    This matter comes before the court on Defendant's Motion to Compel Plaintiff's Production of Text Messages (Filing No. 27). Defendant argues that Plaintiff's responses to its Request for Production of Documents Nos. 8 and 9 remain deficient in that the documents produced contain incomplete text conversations with only piecemeal selections and cutoff conversations that are not in any logical order or are produced in a confusing manner. Plaintiff disagrees and represents that he has searched for responsive documents and produced what he has. The matter was previously addressed through an informal discovery dispute conference with the court on August 26, 2025, at which time the undersigned instructed Plaintiff to supplement his prior discovery responses with the "entire conversation/text chain related to the RFP and to do so within 14 days[.]" (Filing No. 23, text minute entry). The court also instructed Plaintiff to submit a "signed verification... regarding his production efforts, search performed, and affirmation that every responsive document has been produced." (Filing No. 23). It appears Plaintiff supplemented some of his responses, but he did not provide the signed verification as ordered.

1

For the following reasons, the court grants in part and denies in part the motion. The court agrees with Defendant that it remains unclear as to whether the responses are complete and further efforts should be taken. The court denies, however, Defendant's request for the retention of a third-party vendor, finding that the request is not proportional to the needs of the case at this time.

## I.   BACKGROUND

Plaintiff asserts age and disability discrimination claims against his former employer Ricoh USA, Inc. ("Ricoh"). He alleges in his complaint that he worked for Ricoh for 32 years and served as a Branch Manager at the time of his termination in March 2023. (Filing No. 1). He was notified by Ricoh Vice President Rod Denzer and Human Resource representative Lynn Collins of his termination on or around March 28, 2023, during an unexpected "TEAMS" meeting. He says the reasons provided for his termination, including organizational and process changes, were pretextual. (Filing No. 1). He further alleges his termination was retaliatory based on his prior medical leave of absence under the Family Medical Leave Act ("FMLA"). (Filing No. 1, at ¶30).

Defendant issued written discovery, which included the following two requests for production of documents under Fed. R. Civ. P. 34, with Plaintiff's initial response to each:

> **RFPD NO. 8.** All emails, text messages, social media messages, electronic messages or communications, or other written correspondence or communications of any kind in your possession, custody or control that in any way relate to any factual allegation or legal claim set forth in the Complaint.
>
> **RESPONSE:** To the extent Plaintiff possesses responsive text messages, such documents have been or are being produced. In particular see Koon000055- Koon000057. Additional documents may be considered responsive, see Koon000048-Koon000054; and Koon000058-61.
>
> **RFPD NO. 9.** All emails, text messages, social media messages, electronic messages or communications, or other written correspondence or communications of any kind between you and Roderick ("Rod") Denzer, Lynn Collins, Shelley Rodriguez and/or any current or former employee

2

> of Defendant that in any way relate to any factual allegation or legal claim set forth in the Complaint.[1]
>
> **RESPONSE:** To the extent Plaintiff possesses responsive documents, they have bene or will be produced. See Koon000055-Koon000057. Additional documents may be considered responsive, *see* Koon000048 - Koon000054; and Koon000058-Koon000061.

(Filing No. 31-2, pp. 3-4).

Defendant took issue with the responses, sending Plaintiff's counsel a deficiency letter dated June 27, 2025, which noted that only fourteen pages were provided "which primarily consist[ed] of job postings and text messages between Shelley Rodriguez on March 30, 2023." (Filing No. 31-3, p. 3). Defendant requested Plaintiff confirm he searched for text messages, social media messages, and other electronic messages responsive to the request and that the "search yielded no other results except the communication between Shelley on March 30, 2023 around 7:10 p.m." (Filing No. 31-3, p. 4). Plaintiff's counsel provided supplemental disclosures on or around July 22, 2025, and affirmatively represented that "Mr. Koon has no documents that h[a]ve been withheld, which he has repeatedly and consistently informed RICOH" and "Mr. Koon does not possess additional documents responsive to RICOH No. 9." (Filing No. 31-4, pp. 1-2).

Contrary to this assertion, however, Defendant argues that Plaintiff acknowledged during his deposition on August 7, 2025, that he retained complete text messages with Ms. Rodriguez dating back to 2022. (Filing No. 29-1, at ¶7). Defendant further alleges that Plaintiff "has not responded as to whether he has text messages with Lynn Collins and Rod Denzer, despite discussing the same during his Deposition." (Filing No. 29-1, at ¶18). Defendant addressed the issue again and Plaintiff responded with additional documents "as potentially responsive to RICOH's discovery." (Filing No. 31-7). Defendant believed that some of the messages were still cut off or otherwise incomplete and the matter was addressed by the undersigned by way of a discovery dispute conference on August 26,

---

[1] It appears Shelley Rodriguez was a Managing Director and Plaintiff's immediate supervisor.

2025. (Filing No. 23, text minute entry, and Filing No. 25, restricted audio file). Plaintiff supplemented his disclosures again on or around September 9, 2025, replacing some of the prior text messages with more complete conversations, reorganizing some of the messages, and redesignating others with new bates numbers. (Filing No. 29-1, pp. 35-39; *see also* Filing No. 29-1, pp. 40-122). Plaintiff's counsel represented in her affidavit that "Koon continued to search for responsive documents using computerized means" and apparently discovered "additional responsive documents may exist" and disclosed those. (Filing No. 31-1, ¶5).

## II.  LEGAL STANDARDS

"Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation." *Schall v. Nodak Ins. Co.*, 2024 WL 2355714 *2 (D. Neb. May 23, 2024) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). This broad scope generally allows discovery "unless it is clear the information sought can have no possible bearing on the case." *Id.* (internal citation omitted). Notwithstanding, the discovery rules should be "construed to secure the just, speedy, and inexpensive determination of every action [and] judges should not hesitate to exercise appropriate control over the discovery process." *Id.* This includes ensuring that discovery requests are proportional to the needs of the case, considering factors like "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III.  ANALYSIS

The court first finds that the requests at issue seek information that is relevant to the claims or defenses and subject to discovery under Rule 26. Based on the allegations in Plaintiff's complaint, it is clear that he maintained regular communications with other employees at Ricoh before and after his termination in which he may have addressed the

issues in this case. This included his supervisor Shelley Rodriguez, whom Plaintiff alleges in his complaint repeatedly asked him if he was returning to work as part of a "pressure tactic" by Defendant to end his employment while he was on leave. (Filing No. 1, at ¶22). Plaintiff further alleges that he later learned that his position had not been eliminated, as Defendant told him, and that two subordinates later interviewed for the position. (Filing No. 1, at ¶22). He also alleges that he "learned" his supervisor was questioning other employees concerning his retirement sometime late 2022 and early 2023. (Filing No. 1, at ¶22). Based upon the court's review of the text messages already disclosed, it again appears Plaintiff engaged in regular text communications with current and former Ricoh employees and he may rely on those communications to support his claims in this matter. While the court does take some issue with the scope of both requests as phrased, in particular the lack of any relevant time period for example, Plaintiff did not assert any objections and any objections are now deemed waived.

The court also agrees with Defendant that the manner and method of Plaintiff's responses to Request for Production Nos. 8 and 9 has caused confusion and left doubts concerning its completeness. It appears Plaintiff first disclosed just a handful of documents in response to both requests, which included primarily some "text messages between Shelley Rodriguez on March 30, 2023 around 7:10 p.m." (Filing No. 31-3, p. 4). When Defendant challenged those responses, Plaintiff boldly represented that he had nothing else "which he has repeatedly and consistently informed RICOH." (Filing No. 31-4, pp. 1-2). But that appeared to be incorrect, as Plaintiff then discovered additional text messages and disclosed those, representing that he unilaterally had decided earlier to leave off "idle chit chat" that he did not think was relevant. (Filing No. 29-1, p. 33).

When the matter was addressed further, Plaintiff apparently used a computer to enhance his search and discovered additional messages that should have been disclosed. In supplementing his disclosures, the court was unable to identify the missing or cutoff messages as alleged by Defendant. However, Plaintiff's counsel redesignated some of the documents with new bates numbers which only caused more confusion as to which

documents were new or replaced. For example, it appears some of the bates numbering on new documents overlapped with other documents previously disclosed. The court had similar difficulties in keeping track of the various messages. The court accordingly agrees that the responses to Request for Production Nos. 8 and 9 need to be revisited. While Plaintiff represents in his response brief that he has no further text messages to produce, his prior actions cast some doubt on that assertion. Moreover, Plaintiff has still not complied with the court's prior order directing him to provide a signed verification regarding his production efforts, search performed, and affirmation that all responsive documents have been produced. (Filing No. 23, text minute entry). He needs to do so.

Defendant asks the court to order Plaintiff to provide his mobile device(s) to a third-party vendor called "MRD" which has the "capabilities of assisting with the collection of the mobile phone that will allow for specific collection of information to/from a specific set of phone numbers (including messages)." (Filing No. 28, p. 11). This vendor apparently charges a flat fee of $1,500 for this targeted collection. (Filing No. 28). The court, however, has some concerns with this approach and finds that it is not proportional to the needs of the case.

Discovery is of course not a fishing expedition and there would seem to be alternative and less invasive means of addressing this issue. A request for text messages is not unusual and as Defendant points out, the Eighth Circuit has held that it "is well established that text messages fit comfortably within the scope of materials that a party may request under Rule 34." (Filing No. 28, p. 1, quoting *Paisley Park Enters. V. Boxill*, 330 F.R.D. 226, 234 (D. Minn. 2019)). If Plaintiff is not able to comply with the discovery request and obtain the necessary information in a more complete form and with the verification as ordered, he can provide his mobile device to his attorney who may have IT personnel who can assist. Plaintiff could also retain the services of a vendor like MRD to assist if necessary, but the court will allow him and his counsel to make that choice. Plaintiff and his counsel are also capable of reorganizing the documents already disclosed in a more complete and chronological format, grouping text messages by person and conversation,

6

with new consecutive bates numbers. Defendant may also reconvene Plaintiff for his deposition and inquire about these issues further, which it has already reserved the right to do.

Accordingly, IT IS ORDERED that:

1. Defendant's Motion to Compel (Filing No. 27) is granted in part and denied in part.

2. Defendant's request for an order requiring Plaintiff to engage in a third-party provider to produce his text messages at his expense is denied.

3. Plaintiff shall again review Defendant's Request for Production of Documents No. 8 and No. 9 and disclose all requested documents as specified, including "emails, text messages, social media messages, electronic messages or communications, or other written correspondence or communications" as defined and limited. Any objections to these discovery requests are now waived.

4. Plaintiff shall provide a complete and new response to these particular requests within fourteen (14) days of the date of this order, regardless of whether the documents were previously produced. The documents shall be in chronological format, grouping electronic communications by person and conversation, with new consecutive bates numbers.

5. Plaintiff shall also separately provide with his disclosure a signed verification identifying his production efforts, the search performed, and affirmation that every responsive document has been produced.

6. Defendant's request for attorney fees and costs pursuant to Fed. R. Civ. P. 37(a)(5) is denied without prejudice, the court finding that the award of expenses unjust at this time. Defendant's request for relief was denied in part, but it certainly may reassert a request for fees and costs should the discovery issues addressed herein continue.

Dated this 29th day of October, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge