ReedSmith
Driving progress
through partnership

**Mariah H. McGrogan**
Direct Phone: +1 412 288 3152
Email: mmcgrogan@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

September 18, 2026

**Via EMAIL: carson@ned.uscourts.gov**

Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
111 South 18th Plaza, Suite 2271
Omaha, NE 68102

**Re: William Koon v. Ricoh USA, Inc., Case No. 8:24-cv-481**
**Defendant's Concise Statement Regarding Discovery Dispute**

Dear Judge Carson:

Plaintiff William Koon produced approximately 400 pages of documents at 4:19 p.m. EST on August 21, 2026. This production was made on the last day of the extended deposition period, more than twelve months after the close of written discovery (August 14, 2025), and approximately five months after the Court denied Plaintiff's motion seeking to reopen discovery. (ECF No. 45.) Plaintiff intends to use these untimely produced documents in this litigation. Ricoh maintains that he cannot do so because (1) the documents were in Plaintiff's possession throughout this litigation and were not produced during fact discovery, despite an obligation to do so; (2) the production came months after this Court's Order finding no good cause to reopen expired deadlines and over a year after the close of written discovery; and (3) allowing their use now would cause substantial prejudice to Ricoh, which had no meaningful opportunity to review or use these documents in depositions or case strategy.

Plaintiff has advanced several arguments regarding the late production of these documents. Each argument is misplaced. **First**, Plaintiff avers that his counsel only learned of the unproduced documents following a Rule 30(b)(6) deposition, after which she asked Plaintiff about the significance of a date discussed at the deposition and provided in Ricoh's Supplemental Responses to Plaintiff's First Interrogatories. However, even if accepted, this explanation does not explain why Plaintiff, who was fully aware of these documents throughout this case, and his prior counsel, who was supposedly in possession of these documents during the fact discovery period of this litigation, never produced them. Notably, during the fact discovery period, Plaintiff's former counsel repeatedly represented that Plaintiff had no further documents responsive to Ricoh's discovery requests. Whether a breakdown between Plaintiff and his former counsel occurred or some more nefarious explanation as to Plaintiff's failure to produce is the cause, Ricoh cannot surmise, but the fact stands that if Plaintiff believed the documents were responsive and intended to use them in this case, they should have been produced during the initial discovery period, and Plaintiff failed to do so. Regardless of the explanation, Ricoh should not be the party prejudiced as a consequence of this failure. **Second**, Plaintiff has incorrectly argued that the late-produced documents should have been produced by Ricoh in response to Plaintiff's Requests for Production Nos. 6 and 9. *See* Exhibit A. Plaintiff is incorrect. The main spreadsheets that are at issue are documents that Plaintiff

ReedSmith

created. This is undisputed. Plaintiff claims he created these spreadsheets by downloading data from Ricoh's sales performance management system and reorganizing it into his own format. However, Ricoh need not simply accept this claim or the authenticity or accurateness of the documents as true. More importantly, even if true, this would not make these documents "Ricoh documents" such that Ricoh was obligated to produce them because they were clearly never in Ricoh's possession (until Plaintiff belatedly produced them). Regardless, many of these documents are not responsive to any of Plaintiff's discovery requests – despite Plaintiff's attempts to argue otherwise – and Ricoh timely and properly objected to Requests for Production Nos. 6 and 9. Plaintiff's prior counsel never attempted to meet and confer regarding these objections, much less file a motion to compel.

Had these documents been timely produced, Ricoh would have, at a minimum, evaluated the information contained therein, questioned Plaintiff about these documents during his depositions, potentially served additional written discovery requests given that Plaintiff personally created several of the documents, and prepared an appropriate defense. At this stage, nearly two years into this litigation, over a year following the close of fact discovery, and just over a month away from the dispositive motion deadline, Ricoh has been robbed of that opportunity. Should the Court allow Plaintiff to use the 400 pages of late produced documents, Ricoh respectfully requests that it be permitted to take Plaintiff's deposition and that Plaintiff be ordered to pay the fees associated with that deposition, including attorney time to prepare for said deposition.

Sincerely,

*<u>/s/ Mariah H. McGrogan</u>*
Mariah H. McGrogan

MHM

Enclosures

# EXHIBIT A

**From:** Puckett, Brianna L.
**To:** Alexis Mullaney; McGrogan, Mariah H.
**Cc:** Kelly Brandon; Audrey R. Svane; McDonald, John T.; Hailey Wayne; Puckett, Brianna L.
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents
**Date:** Wednesday, September 16, 2026 10:26:58 AM

---

Hi Alexis:

Thank you. I will send an email to Chambers today requesting a conference and copy you.

Thank you!
Brianna

**Brianna L. Puckett**
Associate
*She/Her/Hers*

bpuckett@reedsmith.com
D: +1 412.288.3134
M: +1 585.760.9648

reedsmith.com

---

**From:** Alexis Mullaney <Alexis@employmentlawnebraska.com>
**Sent:** Tuesday, September 15, 2026 2:25 PM
**To:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>; Audrey R. Svane <asvane@woodsaitken.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

**External E-Mail - FROM Alexis Mullaney <alexis@employmentlawnebraska.com>**

---

Hi Mariah,

I agree that if Ricoh is not prepared to accept any resolution other than its preferred course of action – full exclusion of these documents – we won't be able to reach any resolution at all.

I could do any of the following windows:

- 9/21 – Any time
- 9/23 – Any time after 11:00 a.m.
- 9/25 – Any time.

It looks like Magistrate Judge Carson has some hearings set for these dates, but there is overlap between availability on my calendar and his.

Thanks!

**Alexis S. Mullaney**
*Attorney*
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
402.316.3060 **TEL** | 402.513.6501 **FAX**
alexis@employmentlawnebraska.com
www.employmentlawnebraska.com
she/her/hers

THIS MESSAGE, TOGETHER WITH ANY ATTACHMENTS, MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION. UNLESS YOU'RE THE INTENDED RECIPIENT, YOU CAN'T USE IT. IF YOU'VE RECEIVED THIS EMAIL BY MISTAKE, PLEASE REPLY TO LET US KNOW AND THEN PERMANENTLY DELETE IT. WE DON'T WAIVE ANY PRIVILEGE WITH MISDELIVERED EMAIL.

---

**From:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>
**Sent:** Tuesday, September 15, 2026 12:34 PM
**To:** Puckett, Brianna L. <BPuckett@reedsmith.com>; Alexis Mullaney <Alexis@employmentlawnebraska.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>; Audrey R. Svane <asvane@woodsaitken.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

Alexis:

I wanted to bring this email back to the top of your inbox. When are you available for a conference with the Court? Tomorrow is now tight for me, but the remaining dates we can make work.

**Mariah H. McGrogan**
Partner
*She/Her/Hers*

mmcgrogan@reedsmith.com
D: +1 412.288.3152
M: +1 412.496.7645

**reedsmith.com**

---

**From:** Puckett, Brianna L. <BPuckett@reedsmith.com>
**Sent:** Friday, September 11, 2026 4:34 PM
**To:** Alexis Mullaney <Alexis@employmentlawnebraska.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; Audrey R. Svane <asvane@woodsaitken.com>; McGrogan, Mariah H. <MMcGrogan@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

Hi Alexis:

We have reviewed your most recent email, and it appears the parties are at an impasse on the use of Plaintiff's late-produced documents.

Ricoh does not concede any of the points raised in your email. Without addressing each of your points at length, we note that our position remains unchanged: Plaintiff's documents were in his possession throughout this litigation, were not produced during the fact discovery period, and were not disclosed until August 21, 2026 — more than a year after the close of fact discovery and after the Court denied Plaintiff's motion to extend the progression order for failure to show good cause. The arguments raised in your correspondence — regarding Ricoh's purported obligation to produce underlying data, the applicability of Fed. R. Evid. 1006, the nature of Mr. Koon's self-created spreadsheets, and Ricoh's alleged motives — do not change this analysis, and Ricoh rejects each of them for the reasons previously stated. Moreover, Ricoh notes that your correspondence continues to misstate that Ricoh had an obligation to produce documents when no such documents were requested during discovery, and – more importantly – that are not Ricoh documents at all, but documents Plaintiff himself created. Your assertions to the contrary, including that just because the data lay somewhere in Ricoh's systems in various forms Ricoh should have gathered, compiled and produced the same, similarly do not change this position.

Ricoh also takes exception to the unfounded suggestion that it has somehow misrepresented or manipulated data or evaluation criteria in amending its Interrogatory responses and reserves all rights to address those accusations before the Court.

Given that further correspondence will not resolve this dispute, Ricoh intends to raise this matter with the Court and seek to obtain a ruling on whether Plaintiff may use the late-produced documents. Judge Carson's calendar appears to have availability on 9/16, 9/17, and 9/21 – 9/25. Can you please let us know whether any of these dates work for you so that we may contact the Court to schedule a conference?

In the interim, Ricoh maintains its position that these documents cannot be used in the litigation, and nothing in this correspondence constitutes a waiver of any of Ricoh's rights or objections.

Thank you,
Brianna

**Brianna L Puckett**
Associate

Reed Smith LLP
*She/Her/Hers*

BPuckett@reedsmith.com

**reedsmith.com**

---

**From:** Alexis Mullaney <Alexis@employmentlawnebraska.com>
**Sent:** Thursday, September 3, 2026 12:20 PM
**To:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>

**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

**External E-Mail - FROM Alexis Mullaney <alexis@employmentlawnebraska.com>**

---

Hi Mariah,

I appreciate Ricoh providing its position regarding these matters, but it doesn't look like the additional information Plaintiff provided had any impact, and if I am understanding you correctly, Ricoh will not accept or propose any compromise whatsoever, and continues to demand that Plaintiff pretend the documents do not exist. I want to be clear that Plaintiff has every intention of using the documents from his August 21, 2026 supplemental production.

I believe there may be some misunderstanding about the significance of a few points raised in our previous correspondence, so I want to clarify a few things:

- The significance of the fact that Ricoh should have produced, in particular, KOON000754-766, but also the data that was copied and pasted from Ricoh's sales reports into KOON767; 807; 809; and 810, is not that we are now asking the court to compel Ricoh to produce those documents. We understand the motion to compel deadline has already passed. Ricoh's obligation to produce relevant documents is not dictated by whether Plaintiff files a motion to compel. The point here is that if Ricoh complied with its discovery obligations, it should already be well-aware of documents in its possession showing the underlying data used to calculate the sales numbers used in Ricoh's RIF decisions. Ricoh alleges it fired Bill Koon because of his sales numbers, and subjective criteria that Rod Denzer testified was ultimately tied to Mr. Koon's sales numbers. Ricoh's records of Mr. Koon's team's sales are indisputably relevant to this case. We aren't trying to get Ricoh in trouble for failing to produce those documents, because the time to do so has passed. However, Ricoh's assertion that it was subjected to unfair surprise by its own data is not credible.
- The primary problem with Ricoh refusing to provide the underlying data for Ricoh0311 is that Ricoh0311 is a summary document, as Rod Denzer testified in his deposition. It is a compilation of voluminous data that is subject to the admissibility requirements of Fed. R. Evid. 1006. For Ricoh0311 to be admissible, Ricoh is required to make "the underlying originals or duplicates available for examination or copying, or both . . ." *Id.* This would be the underlying records related to the sales compiled and analyzed in Ricoh0311. Ricoh has thus far refused to do so, which is a separate, but related issue, and Plaintiff reserves his right to object to the admissibility of Ricoh0311 on this basis. The document produced as KOON000754-766, as well as the underlying data used to create KOON767; 807; 809; and 810, show the sales data used to calculate the figures in RICOH0311 for Mr. Koon, which would be reflected by Ricoh's records, which it refuses to provide.

Mr. Koon can testify as to how he created these Excel spreadsheets using the data he downloaded

from Ricoh's systems, and Ricoh is welcome to cross examine Mr. Koon on those spreadsheets. The point is that this data was always available to Ricoh, should have been produced in discovery in response to Request No. 9 (and with Ricoh's initial disclosures), and Plaintiff should have had an opportunity to examine it, along with all documents reflecting underlying sales data, for Ricoh's summary document Ricoh0311 to be admissible. The absence of any accusation by Ricoh that the data in these spreadsheets is inaccurate leads me to believe that the data is, in fact, accurate, as Ricoh enjoys unfettered access to its own records of its employees' sales.

As was previously stated, the inadvertent omission of these documents from Plaintiff's production was completely innocent, was not for purposes of delay, and was immediately cured as soon as the issue was discovered.

I suspect Ricoh's real frustration with these documents is that the underlying sales data raises serious questions about the allegedly objective criteria Ricoh claims to have used in this RIF, the reason(s) Ricoh, over 1.5 years into this litigation, amended its verified interrogatory answers to fundamentally alter the alleged RIF consideration end date for Ransomcare and Docuware sales, and whether Ricoh misrepresented or manipulated sales data and evaluation criteria to mask its fictitious asserted legitimate and nondiscriminatory reason for including Bill Koon in this RIF. The underlying sales data strongly suggests Ricoh's changed interrogatory answers are indicative of Ricoh "dissembling to cover up a discriminatory purpose." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147 (2000); *see also Huber v. Westar Foods, Inc.*, 139 F.4th 615, 629 (8th Cir. 2025) (Erickson, Colloton, Smith, Shepherd & Kelly, JJ., dissenting) (employer's dishonesty could lead jury to believe neutral explanations for termination decision were "an invention intended to mask discriminatory intent").

Ricoh's new and different interrogatory answers and Rod Denzer's inability to explain the significance of Ricoh's recently altered end date for the alleged RIF consideration period for Ransomcare and Docuware sales prompted me to ask our client about these dates, and that is what prompted the revelation that these documents in Mr. Koon's possession had not been previously produced. Notably, I can't imagine any reason Mr. Koon or his now-deceased attorney would have wanted to purposely withhold these documents, which supports the conclusion that the omission of these documents from Plaintiff's production likely resulted from an innocent mistake.

We are still planning to use these documents, and we remain willing to allow Ricoh to take an additional deposition of Mr. Koon regarding these documents. We are happy to have this deposition occur via Zoom to minimize expense and disruption, as has been Ricoh's preference for the other depositions in this case.

Respectfully,

FIEDLER LAW FIRM PLC

**Alexis S. Mullaney**
*Attorney*
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
402.316.3060 **TEL** | 402.513.6501 **FAX**
alexis@employmentlawnebraska.com
www.employmentlawnebraska.com
she/her/hers

THIS MESSAGE, TOGETHER WITH ANY ATTACHMENTS, MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION. UNLESS YOU'RE THE INTENDED RECIPIENT, YOU CAN'T USE IT. IF YOU'VE RECEIVED THIS EMAIL BY MISTAKE, PLEASE REPLY TO LET US KNOW AND THEN PERMANENTLY DELETE IT. WE DON'T WAIVE ANY PRIVILEGE WITH MISDELIVERED EMAIL.

---

**From:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>
**Sent:** Thursday, September 3, 2026 8:03 AM
**To:** Alexis Mullaney <Alexis@employmentlawnebraska.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

Alexis:

Please see Ricoh's response to your position below.

**I. <u>Plaintiff's prior counsel waived any challenge to Ricoh's objections.</u>**

Ricoh served its responses and objections to Plaintiff's First Set of Requests for Production well over a year ago, on June 6, 2025. To the extent Plaintiff believed those objections were improper or that Ricoh's production was insufficient, the appropriate remedy was to meet and confer and, if necessary, file a motion to compel. Plaintiff's prior counsel did not do so. Having failed to timely challenge Ricoh's objections, Plaintiff cannot now – through supplemental production of his own documents – constructively expand the scope of what Ricoh was obligated to produce. Particularly where, as here, Plaintiff did not produce these records, which have been in his possession through the length of this litigation, during fact discovery. This is underscored by the fact that the Court rejected Plaintiff's Motion to Extend Progression Order Deadlines because Plaintiff failed to show good cause that fact discovery should be reopened. Thus, our position remains that Plaintiff cannot circumvent the Court's Order as to the deadline for fact discovery, and his late produced documents cannot be used in this litigation.

**II. <u>The Documents identified as responsive to RFP No. 9 are not Ricoh Documents that Ricoh was obligated to produce.</u>**

You contend that KOON000754–766, KOON000767, KOON000807, KOON000809, and KOON000810 should have been produced by Ricoh in response to Request No. 9. We disagree.

First, as explained above, Ricoh timely served its objections to Request No. 9 including that: (1) the term "identifying sales" is vague and ambiguous; (2) the temporal scope is internally contradictory; (3) the request seeks confidential personnel and business information; (4) the request seeks information from periods after Mr. Koon's employment ended; (5) it seeks information not considered in the 2023 restructuring; and (6) it would require Ricoh to create

documents that do not otherwise exist. Plaintiff's prior counsel did not challenge these objections through any deficiency letter or motion to compel, nor did she seek a court order requiring broader production. Those objections therefore stand.

Second, as you know, a request for production under Fed. R. Civ. P. 34 obligates a party to produce documents "in the responding party's possession, custody, or control." Mr. Koon's self-created spreadsheets at KOON000767, KOON000807, and KOON000809 – by your own admission – are documents that Mr. Koon made himself. We understand that Mr. Koon represents that he made these documents by taking data from a Ricoh reporting system and reorganizing it into his own format "so that he would be able to use and organize the underlying data." At a minimum, this is an admission that Mr. Koon – not Ricoh – authored/created these documents. Moreover, we have no way of concluding whether Mr. Koon pulled the data correctly, or that he did so at all. Ricoh never possessed, created, or maintained those documents in the form produced by Mr. Koon and, therefore, could not possibly have produced them.

Third, your email mischaracterizes what was requested in Request No. 9. You state that "The above documents are the most significant documents Plaintiff produced in his supplemental production, **and they are relevant, as they contain the underlying data that would have gone into Ricoh's calculations in Ricoh0311**. In addition to the **fact that Ricoh should have produced this underlying data in response to Request No. 9**, Ricoh is already relying on the data contained in these documents by relying on Ricoh0311, which is a summary document. In fact**, Ricoh should have produced this underlying data for all of Ricoh's branch managers, as Plaintiff requested in Request No. 9**, and as would be needed to validate the information contained in Ricoh0311." Nowhere in Request No. 9 does the request seek underlying data. Your attempt to state otherwise is incorrect. Moreover, the raw underlying transaction data for every order in Mr. Koon's territory is not what was considered in the restructuring – rather, summary performance data (i.e. Ricoh0311, which you call a "summary document") was used. Therefore, your position that Ricoh should have produced every single underlying number that went into calculating Ricoh0311 was not only never requested, but it is also incorrect.

## III. The documents identified as responsive to RFP No. 6 are not "Stack Rankings."

You also contend that KOON000768–806, KOON000831–833, KOON000834–836, KOON000837–839, KOON000840–842, KOON000843–845, KOON000846–907, KOON000908–910, KOON000911–913, KOON000914–916, and KOON000917–977 should have been produced in response to Request No. 6. Again, we disagree.

First, Request for Production No. 6 requests "Documents that reflect RICOH's use of 'stack rankings' for Fiscal Year ending 2021, 2022, and 2023, and for each such stack ranking, include the criteria used in making such stack rankings." As explained at length above, Ricoh

served timely and appropriate objections to this request including that: (1) "documents that reflect," "use of 'stack rankings,'" and "criteria used" are vague and ambiguous; (2) that the request seeks information not considered in the restructuring; and (3) that it would require Ricoh to create documents that do not otherwise exist. Plaintiff did not challenge these objections and, therefore, they stand.

Second, the documents in question are not stack rankings, nor do they all "reflect Ricoh's use of 'stack rankings.'" KOON000768-806 is the FY2022 Ricoh Sales Credit Guide – a comprehensive guide governing sales credit recognition, territory credit, splits, and incentive calculations for Ricoh sales employees. KOON000831-845 is Plaintiff's FY2021 Sales Incentive Schedule A detailing plan mechanics, target incentives, and performance measurement periods. KOON000846-907 is Ricoh's FY2021 Sales Incentive Plan, which details plan mechanics, definitions, administration, eligibility and calculation methods. KOON908-916 is another of Plaintiff's FY2021 Schedule A documents setting forth plan mechanics, territory profit, booked order revenue and substantially invoiced order revenue. And KOON000917-977 is the FY2022 Sales Incentive Plan. None of these documents are "stack rankings." Moreover, sales incentive plan documents and crediting guides do not "reflect Ricoh's use of 'stack rankings.'" They reflect how Ricoh compensates its sales force. Your characterization that these documents "contain information regarding how Ricoh credits employees for their sales, including timing and events relevant to Ricoh's performance metrics" proves Ricoh's point – they are compensation methodology documents, not stack rankings. And the fact that compensation metrics may overlap with criteria used in performance evaluation does not make every compensation-related document a "stack ranking" or a document reflecting Ricoh's use of the same.

Finally, Ricoh produced the relevant stack rankings at Ricoh0312 and Ricoh0313.

In short, Ricoh maintains its position that these documents have been in Plaintiff's possession since the outset of this litigation. He did not produce them during the relevant fact discovery period. While we have no doubt the decision not to do so, or the failure to do so, resides with Plaintiff and/or Plaintiff's former counsel, and not you or your firm, it does not change the analysis or Ricoh's position. These documents were produced more than a year after the close of fact discovery and, therefore, they cannot be used in this litigation.

**Mariah H. McGrogan**
Partner
*She/Her/Hers*

mmcgrogan@reedsmith.com
D: +1 412.288.3152
M: +1 412.496.7645

**reedsmith.com**

---

**From:** Alexis Mullaney <Alexis@employmentlawnebraska.com>

**Sent:** Wednesday, September 2, 2026 2:42 PM
**To:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

**External E-Mail - FROM Alexis Mullaney <alexis@employmentlawnebraska.com>**

Hi Mariah and John (and Brianna),

I just noticed that I did not address KOON000750-753 in my previous email. This was just an update to the damages calculations that were already produced as an attachment to Plaintiff's Third Supplemental Answers to Interrogatories, served February 25, 2025.

Please let me know if you want to discuss any of these documents further.

Respectfully,

FIEDLER LAW FIRM PLC

**Alexis S. Mullaney**
*Attorney*
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
402.316.3060 **TEL** | 402.513.6501 **FAX**
alexis@employmentlawnebraska.com
www.employmentlawnebraska.com
she/her/hers

THIS MESSAGE, TOGETHER WITH ANY ATTACHMENTS, MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION. UNLESS YOU'RE THE INTENDED RECIPIENT, YOU CAN'T USE IT. IF YOU'VE RECEIVED THIS EMAIL BY MISTAKE, PLEASE REPLY TO LET US KNOW AND THEN PERMANENTLY DELETE IT. WE DON'T WAIVE ANY PRIVILEGE WITH MISDELIVERED EMAIL.

---

**From:** Alexis Mullaney
**Sent:** Thursday, August 27, 2026 4:44 PM
**To:** 'McGrogan, Mariah H.' <MMcGrogan@reedsmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

Hi Marah and John,

I wanted to provide some follow-up information based on our meet and confer discussion this morning. I am not going to re-state everything I already said in my previous emails on this subject, but you can consider those emails to be part of Plaintiff's position on this matter.

Several of the documents produced by Plaintiff in his supplemental production should have been produced by Ricoh in response to Request No. 9 from Plaintiff's First Set of Requests for

Production of Documents to Defendant Ricoh. Specifically, Plaintiff's request states: For the period from March 2018 through January 2024, documents identifying sales by RICOH's Branch Manager(s) for Fiscal Year 2021, Fiscal Year 2022, and Fiscal Year 2023.

The following documents would have been responsive to RFP 9:

KOON000754-766;
KOON000767;
KOON000807;
KOON000809; and
KOON000810 (note: this was already produced as a PDF at KOON000416-436).

With regards to Ricoh's position that spreadsheets produced with Plaintiff's supplemental production are not Ricoh documents, if you look at KOON000754-766, you can see how the sales data in the spreadsheets Mr. Koon produced appears in Ricoh's system. A Ricoh web address appears at the bottom of each page of this document. The data contained in KOON000754-766 is the same as the data in the spreadsheet identified as KOON000767. Mr. Koon simply took the data from the Ricoh system and put that data into a spreadsheet so that he would be able to use and organize the underlying data. If you click on the Quote Number in the spreadsheets, you will be automatically directed to a website, ricoh.spm.varicent.com, which is currently disabled. It appears that this data comes from Ricoh's sales performance management system, Varicent SPM.

To give you a clearer picture of how Mr. Koon obtained this data from Ricoh's internal systems, Ricoh can look at KOON000209. I don't know the timeframe used for KOON000209, but this document provides a clearer picture of what Mr. Koon would see when he was looking into his sales numbers in Ricoh's system. To obtain the data in KOON000754-766; 767; 807; and 809, Mr. Koon would have clicked on the hyperlinked numbers that appeared in the screen that you can see in KOON000209. When he clicked on the hyperlinked numbers, the underlying data supporting the numbers would appear.

The above documents are the most significant documents Plaintiff produced in his supplemental production, and they are relevant, as they contain the underlying data that would have gone into Ricoh's calculations in Ricoh0311. In addition to the fact that Ricoh should have produced this underlying data in response to Request No. 9, Ricoh is already relying on the data contained in these documents by relying on Ricoh0311, which is a summary document. In fact, Ricoh should have produced this underlying data for all of Ricoh's branch managers, as Plaintiff requested in Request No. 9, and as would be needed to validate the information contained in Ricoh0311.

We believe that Ricoh should also have produced additional documents provided in Plaintiff's supplemental production in its response to Request No. 6, which requests "Documents that reflect RICOH's use of "stack rankings" for Fiscal Year ending 2021, 2022, and 2023, and for each such stack ranking, include the criteria used in making such stack rankings."

The documents Ricoh should have produced in response to Request No. 6 include the following:

KOON000768-806;
KOON000831-833;
KOON000834-836;
KOON000837-839;

KOON000840-842;
KOON000843-845;
KOON000846-907;
KOON000908-910;
KOON000911-913;
KOON000914-916; and
KOON000917-977.

All of these documents contain information regarding how Ricoh credits employees for their sales, including timing and events relevant to Ricoh's performance metrics.

As of right now, I do not anticipate using the following documents, but it is possible that we may use them, if necessary, to demonstrate that Bill received bonuses during relevant periods, but only to the extent that Bill meeting the bonus metrics may conflict with the data Ricoh allegedly used to evaluate performance for the RIF. As I said, I do not see why we would use them right now, but I have not fully analyzed all underlying numbers:

KOON001088-1090;
KOON001094-1096;
KOON001097-1100; and
KOON001101-1102.

Please let me know if you would like to discuss further. I am happy to explain where I am coming from on our position with regards to these documents.

Respectfully,

FIEDLER LAW FIRM PLC

**Alexis S. Mullaney**
*Attorney*
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
402.316.3060 **TEL** | 402.513.6501 **FAX**
alexis@employmentlawnebraska.com
www.employmentlawnebraska.com
she/her/hers

THIS MESSAGE, TOGETHER WITH ANY ATTACHMENTS, MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION. UNLESS YOU'RE THE INTENDED RECIPIENT, YOU CAN'T USE IT. IF YOU'VE RECEIVED THIS EMAIL BY MISTAKE, PLEASE REPLY TO LET US KNOW AND THEN PERMANENTLY DELETE IT. WE DON'T WAIVE ANY PRIVILEGE WITH MISDELIVERED EMAIL.

---

**From:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>
**Sent:** Tuesday, August 25, 2026 4:42 PM
**To:** Alexis Mullaney <Alexis@employmentlawnebraska.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** Re: Ricoh.Koon - Communication re: Late Produced Documents

Alexis: let me know when you are available for a meet and confer. Thanks.

**Mariah H. McGrogan**
Partner
Labor & Employment
*She/Her/Hers*

mmcgrogan@reedsmith.com
D: +1 412.288.3152
M: +1 412.496.7645

**Reed Smith**
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
T: +1 412 288 3131
F: +1 412 288 3063
**reedsmith.com**

---

**From:** Alexis Mullaney <Alexis@employmentlawnebraska.com>
**Sent:** Tuesday, 25 August 2026 17:14:05
**To:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** RE: Ricoh.Koon - Communication re: Late Produced Documents

**External E-Mail - FROM Alexis Mullaney <alexis@employmentlawnebraska.com>**

Hi Mariah,

It is Ricoh's choice not to exercise the options available to it to conduct additional discovery based on the documents produced. I would also point out that Ricoh amended its verified interrogatory responses only 1 month prior to Plaintiff producing these documents, and Ricoh's amended and supplemental responses fundamentally changed Ricoh's position with regards to the evaluation criteria allegedly used to evaluate Plaintiff for purposes of Ricoh's "restructuring."

Plaintiff is not attempting to reopen discovery and is not suggesting that discovery be completely reopened. Plaintiff was merely indicating that he would not oppose a request by Ricoh to conduct further discovery prompted by Plaintiff's inadvertent delayed production of documents. I offered this option when we discussed the supplemental document disclosure on Friday, provided my cell phone number so that you could reach me directly, and agreed I would step away from a planned meeting to take your call in the event further discussion was needed if Ricoh decided that it wanted to file a motion to extend the discovery deadline prior to the expiration of that deadline.

Plaintiff does not agree that he will not use the produced documents going forward in this litigation, so I want to be clear that this understanding is not shared between the parties.

There was no way for my client to know that these documents were not produced in this litigation, and as soon as this was discovered, the documents were produced.

If Plaintiff's position on this matter impacts how Ricoh would like to proceed, please let me know and I will make time for a call to discuss.

Respectfully,

FIEDLER LAW FIRM PLC

**Alexis S. Mullaney**
*Attorney*
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
402.316.3060 **TEL** | 402.513.6501 **FAX**
alexis@employmentlawnebraska.com
www.employmentlawnebraska.com
she/her/hers

THIS MESSAGE, TOGETHER WITH ANY ATTACHMENTS, MAY CONTAIN PRIVILEGED OR CONFIDENTIAL INFORMATION. UNLESS YOU'RE THE INTENDED RECIPIENT, YOU CAN'T USE IT. IF YOU'VE RECEIVED THIS EMAIL BY MISTAKE, PLEASE REPLY TO LET US KNOW AND THEN PERMANENTLY DELETE IT. WE DON'T WAIVE ANY PRIVILEGE WITH MISDELIVERED EMAIL.

---

**From:** McGrogan, Mariah H. <MMcGrogan@reedsmith.com>
**Sent:** Tuesday, August 25, 2026 3:52 PM
**To:** Alexis Mullaney <Alexis@employmentlawnebraska.com>; Hailey Wayne <haileyw@employmentlawnebraska.com>; Puckett, Brianna L. <BPuckett@reedsmith.com>; McDonald, John T. <JMcDonald@ReedSmith.com>; Audrey R. Svane <asvane@woodsaitken.com>
**Cc:** Kelly Brandon <kelly@employmentlawnebraska.com>
**Subject:** Ricoh.Koon - Communication re: Late Produced Documents

Alexis: Please see the attached correspondence. Thank you.

**Mariah H. McGrogan**
Partner
*She/Her/Hers*

mmcgrogan@reedsmith.com
D: +1 412.288.3152
M: +1 412.496.7645

**reedsmith.com**

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021

ReedSmith
Driving progress
through partnership

**John T. McDonald**
Direct Phone: +1 609 524 2041
Email: jmcdonald@reedsmith.com

**Mariah H. McGrogan**
Direct Phone: +1 412 288 3152
Email: mmcgrogan@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

August 25, 2026

**Via EMAIL:** alexis@employmentlawnebraska.com
kelly@employmentlawnebraska.com

Alexis S. Mullaney
Kelly K. Brandon
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130

**Re:** ***William Koon v. Ricoh USA, Inc.*, Case No. 8:24-cv-481**
**Correspondence Regarding Belated Production of Documents**

Dear Counsel:

I am writing regarding Plaintiff's production of approximately 400 pages to Ricoh and your accompanying email this past Friday afternoon, August 21, 2026 (the last day of the deposition period). Ricoh objects to Plaintiff's failure to timely produce any these documents during the applicable discovery period and will object to Plaintiff's attempt to use any of these documents on that basis.

The documents were produced to Ricoh on the final day of the deposition period, with notice by telephone only at approximately 2:30 p.m. CST that day. Our understanding is that Plaintiff has had these documents in his possession throughout this litigation. Because the production came after Plaintiff's depositions and at the close of the deposition period, Ricoh had no meaningful opportunity to review or use the documents for any purpose, let alone in Plaintiff's prior depositions.

The written discovery deadline in this case passed on August 14, 2025, more than twelve months ago. On March 19, 2026, the Court denied Plaintiff's Motion to Extend Progression Order Deadlines with respect to all expired deadlines, finding that Plaintiff failed to demonstrate good cause for reopening them. The Court found that Mr. Koon's prior attorney was "fully engaged in the litigation in August and September 2025, when the written discovery and motion to compel deadlines expired," and that the parties represented at the August 26, 2025 hearing that "the case was progressing as scheduled and current deadlines had been met." Having litigated this very issue, you understand the applicable discovery deadlines in this matter are closed – and were closed long before this production.

Your email states that the documents were produced "as soon as [your] client became aware" they had not been previously produced and attributes the failure to Plaintiff's prior counsel. We appreciate that new counsel was not involved when these documents should have been produced. Respectfully, however, placing the blame on Plaintiff's prior counsel, and absolving Plaintiff himself, only underscores the

ReedSmith



problem. As the Court previously recognized, adherence to the progression order deadlines is critical, and a change in counsel after the close of fact discovery does not provide a basis for producing documents a year after the written discovery deadline.

We also respectfully disagree that "most, if not all, of these documents should have already been available to Ricoh, as they were Ricoh documents." Based on our review, that is not accurate as to a number of the documents, and in any event the obligation to identify and produce responsive materials during the discovery period rested with Plaintiff. That Plaintiff's copies may have originated with Ricoh does not shift that obligation.

The timing of the production also left Ricoh without any opportunity to review the documents, use them in deposition questioning, or assess their effect on case strategy.

We have considered your offer of "a brief extension of discovery," but it would not cure the prejudice to Ricoh, and the Court has already found no good cause to reopen the expired deadlines. Ricoh therefore cannot agree to an extension.

Accordingly, Ricoh objects to the supplemental production and does not consider these documents as part of the discovery record. Ricoh reserves all rights, including the right to move to exclude or strike any reliance on these documents in dispositive motion practice, at trial, or otherwise.

Please let me know if you wish to discuss this further. Otherwise, we expect that Plaintiff will not attempt to use any of the untimely produced documents going forward.

Sincerely,

*/s/ Mariah H. McGrogan*
Mariah H. McGrogan

MHM